IN THE UNITED STATES DISTRICT COURT FOR THE
                        WESTERN DISTRICT OF MISSOURI
                              WESTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,           )
                                )
        v.                       )    Criminal Action No.
                                )    08-00146-01-CR-W-NKL
HERIBERTO GUTIERREZ-MAGANA,      )
                                )
            Defendant.           )

## REPORT AND RECOMMENDATION
## TO ACCEPT DEFENDANT'S GUILTY PLEA

On September 3, 2008, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

*I. BACKGROUND*

On June 4, 2008, an indictment was returned charging defendant with one count of possessing a firearm while in the United States illegally, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2). Judge Laughrey referred this case to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. The hearing was held on September 3, 2008. Defendant was present, represented by Assistant Federal Public Defender Travis Poindexter. The government was represented by Assistant United States Attorney David DeTar Newbert. The proceedings were recorded and a transcript of the hearing was filed on September 3, 2008.

## II.  AUTHORITY OF THE COURT

The authority of federal Magistrate Judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that Magistrate Judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury voir dire falls within a Magistrate Judge's "additional duties" when the defendant has consented. United States v. Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991), Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a Magistrate Judge's involvement in voir dire, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the

2

availability of de novo review by a District Judge preserves the structural guarantees of Article III. United States v. Torres, 258 F.3d at 795. Applying the Peretz holding and the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing United States v. Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting United States v. Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a Magistrate Judge. Id. Moreover, the district court's de novo review of the plea proceedings contributes to the ministerial nature of the Magistrate Judge's role. Id.

3

Based on the above, I find that, with the consent of the defendant, the district court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### *III. FINDINGS OF FACT*

1. On June 4, 2008, an indictment was returned charging defendant with one count of possessing a firearm while in the United States illegally, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2) (Tr. at 3-4). Defendant understood the charge in the indictment (Tr. at 4).

2. The statutory penalty for the charged violation is not more than ten years in prison, a fine of up to $250,000, a supervised release term of not more than three years, and a mandatory $100 special assessment (Tr. at 4). Defendant understood the statutory penalty (Tr. at 4-5).

3. Defendant was advised of the following:

    a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 5);

    b. That he has the right to assistance of counsel throughout the trial (Tr. at 5-6);

    c. That defendant is presumed innocent, and the government has the burden of coming forward to prove

defendant's guilt beyond a reasonable doubt (Tr. at 6);

    d.    That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 6-7);

    e.    That defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that defendant may not testify at trial (Tr. at 7);

    f.    That defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 7); and

    g.    That defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 8).

4.    Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above (Tr. at 9).

5.    Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 9). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 9). Defendant stated that he understood (Tr. at 9).

6.    Government counsel stated that this was an open-file case, and defense counsel stated that he reviewed the government's file (Tr. at 9-10). Government counsel stated that

5

its evidence would show that on April 21, 2008, ICE special agents and Kansas City, Missouri, police officers from the gang squad went to 6220 East 15th Terrace in Kansas City, Missouri, to investigate some information relating to perceived gang activities including some drug trafficking. Detective Luiz Ortiz had received information from a number of sources that an Hispanic male known as Beto had started and now headed a local street gang known as the East Side 15th Street. Information received further indicated that Beto possessed firearms including a .380 caliber semi-automatic pistol and that Beto distributed large quantities of marijuana and cocaine. Other information linked members of the East Side 15th Street Gang to certain violent acts in the Kansas City, Missouri, area. At the 6220 East 15th Terrace address, Detective Ortiz and Special Agent Mark King from ICE talked to three Hispanic individuals -- defendant; his mother, Maria Elena Reynaga; and his stepfather, Faustiro R. Contreras. After identifying themselves, Ortiz and King asked for and received both verbal and written permission from all three individuals to search the residence for illegal narcotics, firearms, and any large amounts of U.S. currency. Detective Ortiz and Special Agent King observed numerous tattoos on defendant's left hand and lower right leg associated with an Hispanic street gang known as Surenos 13 and defendant advised King that many years earlier, he'd been a member of that gang as

6

a teenager, but he had not been associated with the Surenos for many years. He further admitted to Special Agent King that he is in the United States illegally. The search of defendant's bedroom resulted in the recovery of three small plastic bags containing a gross amount of 2.9 grams of cocaine powder, which was seized. Authorities also found an electronic scale; miscellaneous plastic baggies commonly used to distribute drugs; a Bryco .380 caliber semi-automatic pistol, serial number 897496, loaded with seven live rounds; and several Wolf .380 caliber bullets, all recovered from the bedroom. According to ATF, the .380 caliber pistol, Model 48 Bryco, serial number 897496, was manufactured by Bryco Arms in Irvine, California. During the search, Special Agent King advised that the pistol had been recovered. The defendant made an unsolicited statement that he possessed the pistol for protection (Tr. at 10-12).

7. Defense counsel agreed that his review of the evidence and his independent investigation confirmed that the facts were as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 13).

8. Defendant was placed under oath (Tr. at 13) and admitted the following: On April 21, 2008, defendant was in Jackson County, Western District of Missouri; he was in the United States illegally from Mexico; he had in his control a Bryco .380 caliber firearm; and the gun went from one state to another (Tr. at 13-14).

9. Defendant is aware that there is no written plea agreement in this case (Tr. at 15).

10. No one has made any threats or promises in order to get defendant to plead guilty (Tr. at 15).

11. Defendant is satisfied with the advice and guidance he has received from Mr. Poindexter (Tr. at 16). There is nothing Mr. Poindexter has done that defendant did not want him to do, and there is nothing he wanted Mr. Poindexter to do that he has not done (Tr. at 16).

12. Defendant is 30 years of age and has an 11th grade education (Tr. at 16). He has been in the United States for 25 years, he can understand English, and has had no difficulty communicating or understanding the court proceedings (Tr. at 16). He was not under the influence of any alcohol or drug that would affect his ability to make an intelligent choice about pleading guilty during the change-of-plea hearing (Tr. at 17).

13. Defendant tendered a plea of guilty to the crime charged in this indictment (Tr. at 21).

## IV. *ELEMENTS OF THE CHARGED OFFENSE*

The elements necessary to sustain a conviction for possessing a firearm while in the United States illegally are:

One, the defendant was present in the United States illegally;

Two, the defendant thereafter knowingly possessed a firearm; and

Case 4:08-cr-00146-NKL   Document 21   Filed 09/04/08   Page 8 of 9

Three, the firearm was transported across a state line at some time during or before the defendant's possession of it.

See generally Eight Circuit Model Criminal Jury Instructions 6.18.922 and 6.18.922(G)(3).

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on whether defendant's guilty plea should be accepted.

2. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in this indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting defendant's guilty plea and adjudging defendant guilty of the offense charged.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has ten days from the date of this report and recommendation to file and serve specific objections.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
September 4, 2008